## LANDA v. ISERN et al.
### No. 4036.

Court of Civil Appeals of Texas. El Paso.
Feb. 27, 1941.

Rehearing Denied March 27, 1941.

Johnson & Rogers, of San Antonio, for appellant.

Carter & Stiernberg, of Harlingen, for appellees.

WALTHALL, Justice.

This appeal is prosecuted from an order of the District Court of Cameron County, Texas, overruling appellant's motion for a change of venue on a plea of privilege from the District Court of Cameron County to the District Court of Bexar County, the county of appellant's residence.

On June 15, 1938, appellees, Alfred W. Isern and Meta Isern, as plaintiffs, filed their original petition in this suit, and on January 31, 1938, filed their first amended original petition herein in lieu of their original petition, in each of which petitions appellees sue appellant Harry Landa, who resides in Bexar County, Texas, E. C. Bacon, who resides in Cameron County, Texas, and Valley Citrus Groves Company of Texas, a Texas corporation, with appellee E. C. Bacon as its president.

Plaintiffs allege that on August 14, 1935, plaintiffs and defendant, Valley Citrus Groves Company of Texas, entered into a written contract whereby plaintiffs agreed to buy and defendant company agreed to sell ten acres of land described as Lot No. 6, out of the Valley Citrus Groves Company subdivision of a part of the Galveston Ranch in the La Feria Grant, Cameron County, Texas, for a total consideration of $2,500, to be paid by plaintiffs to said company as follows: $625 cash; nine month note $625; vendor's lien notes $1,250.

That on or about January 17, 1936, plaintiffs and defendant, Valley Citrus Groves Company of Texas, entered into a written contract whereby plaintiffs agreed to buy and said company agreed to sell ten acres of land described as a part of Lot No. 13, out of the Valley Citrus Groves Company subdivision of a part of the Galveston Ranch in the La Feria Grant, Cameron County, Texas, for a consideration of $1,500, to be paid by the plaintiffs to said company as follows: $750 cash; a note due January 17, 1937, $750.

Plaintiffs allege that each of said contracts contained, among other provisions,

the following: "(3) The land described herein is not bonded for irrigation purposes, but same is a part of the Galveston Ranch in the La Feria Grant, in Cameron County, Texas, and as such, is entitled to the use of waters from the Rio Grande River under the Riparian Ranch, and is entitled to use the easement and right-of-way for canal and irrigation purposes now owned by Valley Citrus Groves Company of Texas, for the purpose of carrying waters from the Rio Grande River to said Valley Citrus Groves Subdivision. Purchaser agrees to bear his pro rata part of the expense of carrying the water from the Rio Grande River to said Valley Citrus Groves Subdivision. The Company expressly reserves an easement, for the use of the owners thereof, across all lands in Valley Citrus Groves Subdivision, for the purpose of constructing and maintaining all canals and other irrigation facilities for the irrigation of said, Valley Citrus Groves Subdivision."

In the suit plaintiffs, in a lengthy petition, state many misrepresentations made by defendants, part verbal and part in the written sales contracts, in making the sales of the land to plaintiffs. Plaintiffs allege the misrepresentations alleged took place in Cameron County, where the lands are situated, and constitute fraud committed in Cameron County. The various matters of fact alleged as constituting fraud in the land sales are too lengthy to set out here.

We are interested in this appeal only on the issue of venue.

In the suit plaintiffs seek to hold appellant Landa liable with defendant Bacon, and the defendant corporation is regarded as a "sales organization," the instrumentality through which to convey the lands in the perpetration of the fraudulent sales, the corporation alleged to have been organized and to be owned by defendant Bacon.

Plaintiffs claim that the proper venue of this suit is in Cameron County under any one of subdivisions 4, 7, 12 and 29a of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subds. 4, 7, 12, 29a.

The question or issue of fraud in making the sales of the land to plaintiffs is an issue of fact to be determined in the trial of the suit on the merits, but whether the issue of fraud as alleged is sustained or not is immaterial, under subdivision 4 of the article of the statute above referred to, to the question of venue presented here.

Landa is sued jointly with Bacon, and Bacon is a resident of Cameron County, where the suit was filed.

We have concluded that the venue of the suit is properly laid in Cameron County, and the order of the trial court overruling the plea of privilege is sustained.

The case is affirmed.